# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE FRANK OGLESBY, | Case No. CV 12-4772-ODW (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| M. HA, et al., | |
| Defendants. | |

On June 7, 2012, Jesse Frank Oglesby ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623.  Only if

it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff first alleges that on or about December 6, 2010, while housed at California State Prison – Los Angeles County ("CSP-LAC"), defendants failed to provide proper treatment to curtail the seizure disorder Plaintiff developed after having been administered another inmate's seizure medication at another prison.[1] (Complaint at 5.)

Plaintiff was seen by M. Ha, a physician's assistant, who informed plaintiff that he was going to be treated for a seizure disorder. Plaintiff told Ha that he did not have a seizure disorder and wanted to know the source of the diagnosis. Ha proceeded to order medication to treat the disorder. (Id.) Plaintiff further alleges:

> Then Ms. P. Finander refuse[d] to help this Plaintiff and stop the suffering that this plaintiff was enduring but it was CONDUCT which was to conti[n]ue the same course of treatment. She was then supported by T. Belavich who sought only to continue the same course of action by her DIRECT CONDUCT which was to help the on going cover up. Then S. Sumas felt only to continue the support the following

---

[1] Plaintiff indicates that he has filed a separate civil rights action arising from the alleged administration of another inmate's seizure medication while Plaintiff was housed at Calipatria State Prison. (Complaint at 1-2.)

3

1      CDCR MEDICAL STAFF to continue the conduct of den[ying] me PROTECTION
2      FROM THE HARM they were causing me by refusing to CURTAIL the previous
3      treatment.
4 (Complaint at 5.) Plaintiff makes no additional factual allegations to support his deliberate
5 indifference claim, but he attaches various medical records and documents related to his
6 administrative appeal. (See Complaint, Exhibits.)
7      Based on the Complaint and Exhibits, it appears that Plaintiff is alleging that he
8 wrongly received another inmate's medication while housed at another prison which caused
9 a seizure, as a result of that mistake it was noted in Plaintiff's medical records that he has a
10 seizure disorder, he does not actually have a seizure disorder, and thus he should not be
11 receiving treatment for the non-existent seizure disorder.

## DISCUSSION

13      Having reviewed the Complaint pursuant to the standards set forth above, the Court
14 has determined that Plaintiff's claims do not withstand screening for the following reasons:
15 **I.    Plaintiff Has Failed to Comply With Federal Rule of Civil Procedure 8**
16      Federal Rule of Civil Procedure 8(a) states:
17           A pleading which sets forth a claim for relief . . . shall contain (1) a short and
18      plain statement of the grounds upon which the court's jurisdiction depends, unless
19      the court already has jurisdiction and the claim needs no new grounds of jurisdiction
20      to support it, (2) a short and plain statement of the claim showing that the pleader is
21      entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
22 Id. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
23 exceptions." Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002). "Each averment of a
24 pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).
25      Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff
26 nonetheless must allege a minimum factual and legal basis for each claim that is sufficient
27 to give each defendant fair notice of what plaintiff's claims are and the grounds upon which
28 they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

Here, the Complaint does not contain a short and plain statement of Plaintiff's claims sufficient to provide each defendant with notice of their allegedly wrongful acts. See, e.g., Brazil, 66 F.3d at 199. Plaintiff has not clearly identified the particular affirmative acts or omissions perpetrated by each individual defendant that caused the deprivation of constitutional rights of which plaintiff complains. Plaintiff's allegations are vague, conclusory, and lack sufficient particularity to put each individual on notice of the claims against him. In fact, there are no specific allegations demonstrating the acts or omissions undertaken by Finander, Belavich, or Sumas which deprived Plaintiff of a constitutional right. Based on the Attachments to the Complaint, it appears (but is not clear) that Plaintiff's claims against Finander and Belavich are based on their involvement in the denial of Plaintiff's administrative appeals, and Sumas's involvement is unknown.

Accordingly, the Complaint must be dismissed with leave to amend for failure to state a claim. If Plaintiff elects to file an amended complaint, he must state specific facts demonstrating that each defendant violated his federal constitutional rights. General conclusory statements are not sufficient.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION

Plaintiff claims that defendants have been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. A government actor is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1970). Deliberate indifference may be manifested by the intentional denial, delay, or interference with the plaintiff's medical care, or by the manner in

1  which the medical care was provided.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976);
2  Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999); McGuckin v. Smith, 974 F.2d
3  1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Technologies v. Miller, 104
4  F.3d 1133 (9th Cir. 1997).  However, the defendant must purposefully ignore or fail to
5  respond to the plaintiff's pain or medical needs.  See McGuckin, 974 F.2d at 1060.  Thus,
6  neither an inadvertent failure to provide adequate medical care, nor mere negligence or
7  medical malpractice, nor a mere delay in medical care (without more), nor a difference of
8  opinion over proper medical treatment, is sufficient to violate the Eighth Amendment.  See
9  Estelle, 429 U.S. at 105-06; Wakefield, 177 F.3d at 1165; see also Sanchez v. Vild, 891
10 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766
11 F.2d 404, 407 (9th Cir. 1985).
12      Plaintiff alleges that he was wrongly diagnosed with a seizure disorder and is now
13 receiving inappropriate treatment for that disorder.  (Complaint at 5, Attachments.)  The
14 facts alleged do not state a claim for deliberate indifference.  Rather, Plaintiff merely
15 disagrees with the diagnosis by prison medical personnel that he has a seizure disorder
16 and, therefore, believes he should not be treated for it.  A mere difference of opinion
17 between an inmate and prison medical personnel regarding appropriate medical diagnosis
18 and treatment are not enough to establish a deliberate indifference claim.  Sanchez, 891
19 F.2d at 242.  Even if Plaintiff's allegations would support a finding of negligence, they do not
20 meet the standard of deliberate indifference.  "While poor medical treatment will at a certain
21 point rise to the level of constitutional violation, mere malpractice, or even gross negligence,
22 does not suffice."  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).
23      Plaintiff has failed to allege facts that would support a claim for deliberate
24 indifference.
25                    * * * * * * * * *
26      Although it does not appear likely that Plaintiff can state sufficient facts to support a
27 cognizable deliberate indifference claim, the Court will afford Plaintiff an opportunity to
28

amend his Complaint. Accordingly, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must state specific facts that would support a finding that each defendant was deliberately indifferent to Plaintiff's serious medical needs.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and failure to comply with a Court order.**

DATED: June 22, 2012      /s/ John E. McDermott
                           JOHN E. MCDERMOTT
                           UNITED STATES MAGISTRATE JUDGE