# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE FRANK OGLESBY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M. HA, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV 12-4772-ODW (JEM) <br><br> MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On June 7, 2012, Jesse Frank Oglesby ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

On June 22, 2012, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend.

On July 25, 2012, Plaintiff filed a First Amended Complaint ("FAC").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured,

pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff appears to allege that Defendants acted with deliberate indifference by wrongfully administering unnecessary seizure medication to Plaintiff, which has caused him to develop a seizure disorder. Specifically, Plaintiff alleges that Defendant M. Ha, Physician's Assistant, wrongfully prescribed Tegretol to Plaintiff, which has harmed him. Defendant P. Finander, Chief Medical Executive, refused to stop the administering of the medication. T. Belavich, Chief Executive Officer of Health Care, also sought to keep Plaintiff on the medication. Defendant S. Sumas, who was acting Chief of California Prison Health Care Services Office, allowed the wrongful administering of medication to continue. (FAC at 5-5a.) Plaintiff sues each of the Defendants in their official and individual capacities. (FAC at 3-4.)

Plaintiff seeks to enjoin Defendants from administering the seizure medication and require them to send him to a neurologist for evaluation. Plaintiff also seeks compensatory and punitive damages. (FAC at 5a-6.)

## DISCUSSION

Having reviewed the Complaint pursuant to the standards set forth above, the Court again has determined that Plaintiff's claims do not withstand screening. Although Plaintiff

has been afforded an opportunity to amend his pleadings in order to set forth a cognizable claim, he has failed to do so.

**I.      Plaintiff Has Failed to State a Claim for Damages Against the Defendants in Their Official Capacities.**

All Defendants are officers or agents of the California Department of Corrections and Rehabilitation ("CDCR") and have been sued in their individual and official capacities. (See FAC at 3-4.)

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159. Thus, Plaintiff's suit against Defendants in their official capacities is a suit against CDCR.

CDCR is an agency of the State of California and, therefore, Plaintiff cannot state an official capacity claim for damages against it. States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989). A suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment. See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). "[T]he [E]leventh [A]mendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages . . . ." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's

4

consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988).  Moreover, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

Accordingly, Plaintiff cannot state a claim for money damages against any Defendant in his official capacity.

## II.     Plaintiff Has Failed to Allege Specific Facts Establishing Each Defendant's Liability

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest.  Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff's allegations are so vague and conclusory that he has failed to put defendants sufficiently on notice of the claims against them.

To state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, Plaintiff must allege facts demonstrating that each defendant, acting under color of state law, deprived Plaintiff of a right guaranteed under the Constitution or a federal statute.  Karim-Panahi, 839 F.2d at 624.  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Thus, supervisory personnel generally are not liable under § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 645- 46 (9th Cir. 1989).  A supervisory official may be liable under § 1983 only if

1 the official was personally involved in the constitutional deprivation, or if there was a
2 sufficient causal connection between the supervisor's wrongful conduct and the
3 constitutional violation. Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also
4 Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984).

5     Plaintiff has not sufficiently set forth the factual basis for his claim and identified in
6 sufficient detail the particular affirmative acts or omissions perpetrated by each individual
7 Defendant that caused the deprivation of constitutional rights of which Plaintiff complains.
8 For example, Plaintiff repeatedly refers to a "policy" that Defendants allegedly violated, but
9 he does not say what the policy was or how it was violated. In addition, it appears that P.
10 Finander, T. Belavich, and S. Sumas may be supervisory personnel, and Plaintiff does not
11 allege specific facts demonstrating how they were personally involved in the alleged
12 wrongdoing. Plaintiff's allegations are vague, conclusory, and lack sufficient particularity to
13 put each individual on notice of the claims against him.

14     Accordingly, the FAC must be dismissed with leave to amend for failure to state a
15 claim. If Plaintiff elects to file another amended complaint, he must focus on setting forth
16 particular facts showing how each Defendant was involved with the alleged wrongful
17 administering of medication and specifically what each Defendant did or failed to do.
18 General conclusory statements that a particular defendant caused harm, failed to enforce
19 an unidentified policy, or violated Plaintiff's rights are not sufficient.

20 **III.    Legal Standards for Deliberate Indifference Claim**

21     A government actor is "deliberately indifferent" only if he "knows of and disregards an
22 excessive risk to inmate health or safety; the official must both be aware of facts from which
23 the inference could be drawn that a substantial risk of serious harm exists, and he must also
24 draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1970). Deliberate indifference
25 may be manifested by the intentional denial, delay, or interference with the plaintiff's medical
26 care, or by the manner in which the medical care was provided. See Estelle v. Gamble, 429
27 U.S. 97, 104-05 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999);
28 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by*

1 WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). However, the defendant must
2 purposefully ignore or fail to respond to the plaintiff's pain or medical needs. See McGuckin,
3 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care,
4 nor mere negligence or medical malpractice, nor a mere delay in medical care (without
5 more), nor a difference of opinion over proper medical treatment, is sufficient to violate the
6 Eighth Amendment. See Estelle, 429 U.S. at 105-06; Wakefield, 177 F.3d at 1165; see also
7 Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison
8 Commissioners, 766 F.2d 404, 407 (9th Cir. 1985). Even if a plaintiff's allegations would
9 support a finding of negligence, they do not meet the standard of deliberate indifference.
10 "While poor medical treatment will at a certain point rise to the level of constitutional
11 violation, mere malpractice, or even gross negligence, does not suffice." Wood v.
12 Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).
13     If Plaintiff chooses to file another amended complaint, he must state facts that
14 establish deliberate indifference, as it is explained above.
15                                       * * * * * * * * *
16     The Court will afford Plaintiff another opportunity to amend his pleadings in order to
17 state sufficient facts to establish deliberate indifference. Accordingly, the FAC is
18 **DISMISSED WITH LEAVE TO AMEND**.
19     If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended
20 Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies
21 discussed above. Plaintiff must state specific facts that would support a finding that each
22 defendant was deliberately indifferent to Plaintiff's serious medical needs.
23     If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the
24 docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be
25 filled out exactly in accordance with the directions on the form; and (4) be complete in and of
26 itself without reference to the previous complaints or any other pleading, attachment or
27 document. This means that Plaintiff must explain his entire case in the Second Amended
28

Complaint and include all relevant exhibits. In other words, the Court will consider the Second Amended Complaint as if no previous pleading has been filed.

The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and failure to comply with a Court order.**

DATED: August 30, 2012              */s/ John E. McDermott*
                                                    JOHN E. MCDERMOTT
                                                    UNITED STATES MAGISTRATE JUDGE